RENDERED:  OCTOBER 16, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1501-DG

JAMES W. NALLEY                                                  APPELLANT


ON DISCRETIONARY REVIEW FROM NELSON CIRCUIT COURT
v.                      HONORABLE JOHN D. SEAY, JUDGE
ACTION NO. 19-XX-00005


COMMONWEALTH OF KENTUCKY                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND MCNEILL, JUDGES.

MAZE, JUDGE:  Appellant, James W. Nalley, appeals the Nelson District Court's

order denying his motion to suppress and his resulting conditional guilty plea to

driving under the influence.  After careful review and consideration, we affirm.

BACKGROUND

On March 23, 2017, around 8:00 p.m., Officer Jeremy Cauley and

other officers of the Bardstown Police Department (BPD) arrived at Nalley's

sister's residence to serve an emergency protective order (EPO) on Nalley. Officer Cauley testified that Nalley was "agitated from the word 'go'" and had been drinking, although he did not think Nalley was "manifestly under the influence" at that time. The officers served the EPO on Nalley and left the residence.

About five hours later, during the early morning hours of March 24, 2017, Officer Cauley responded to a BPD unit seeking assistance at a local bar. This call for assistance was unrelated to Nalley. As Officer Cauley pulled into the bar's parking lot, he observed Nalley in his truck with the window rolled down leaving the bar. Officer Cauley decided to follow Nalley and caught up with him after an extended distance down the road. Officer Cauley then saw Nalley's vehicle turn left onto another road and then make an immediate left into a closed auto-repair shop. Nalley drove to the far side of the auto-repair shop and turned off his truck. Nalley's truck was not parked in a marked parking spot or a location where a customer would line up for service. At that point, Officer Cauley turned on his emergency lights and pulled behind Nalley's vehicle. Afterward, Officer Cauley arrested Nalley for driving under the influence and possession of an open container of alcohol.

Before trial, Nalley moved to suppress evidence seized from the stop, which resulted in his arrest. Specifically, Nalley argued that Officer Cauley had no reasonable, articulable suspicion to justify stopping him.

In May 2017, the district court held a suppression hearing, pursuant to RCr[1] 8.27, in which Officer Cauley testified. During the hearing, on cross-examination, Nalley established that Officer Cauley did not observe him violate any traffic laws before the stop.

In August 2017, the district court denied Nalley's motion to suppress, concluding that Officer Cauley's action did not constitute a stop. Relying on *Strange v. Commonwealth*, 269 S.W.3d 847 (Ky. 2008), the district court held the police may approach anyone in a public area for any reason and that no *Terry*[2] stop occurs when police engage a person on the street in conversation.

In December 2017, Nalley pleaded guilty to driving under the influence, third offense, with an aggravator, while preserving his right to appeal the district court's order denying his motion to suppress. Nalley then appealed to the circuit court.

In July 2018, the circuit court reversed the district court's order finding its analysis of *Strange v. Commonwealth* to be incomplete. The circuit court held that, while the police may stop someone in a public area in conversation without a *Terry* stop occurring, *Strange* also held that a stop occurs when police restrain an individual by physical force or a showing of authority. *See Strange*,

---

[1] Kentucky Rules of Criminal Procedure.

[2] *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 70 L. Ed. 2d 889 (1968).

269 S.W.3d at 850. Because Officer Cauley activated his emergency lights after pulling behind Nalley's truck, he invoked a show of authority from which Nalley would not feel free to leave. Thus, the circuit court held this was a stop for constitutional purposes and remanded the case back to the district court for further proceedings consistent with its decision.

On remand, in January 2019, the district court once again denied Nalley's motion to suppress. This time, the district court held that a stop occurred but, based upon the totality of the circumstances, Officer Cauley had a reasonable, articulable suspicion to justify the stop of Nalley's truck. Nalley renewed his previous conditional guilty plea and appealed to the circuit court again.

In this second appeal, the circuit court affirmed the district court's order. In its September 2019 order, the circuit court held that the police had a reasonable suspicion to justify the stop because Officer Cauley could believe that Nalley was attempting to evade him and operating a vehicle under the influence.

Nalley moved this Court for discretionary review, which we granted.

ANALYSIS

Nalley contends the lower court erred in failing to suppress evidence seized after Officer Cauley stopped him because Officer Cauley had no reasonable, articulable suspicion that Nalley violated the law before the stop. The facts establish that Nalley was, indeed, subject to an investigatory stop, so the issue is

-4-

whether the stop was consistent with Nalley's right to be free from an unreasonable seizure as protected by the Fourth Amendment of the United States Constitution.

"A police officer may constitutionally conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Bauder v. Commonwealth*, 299 S.W.3d 588, 590-91 (Ky. 2009) (citing *Terry*, 392 U.S. at 30, 88 S. Ct. at 1884). A reasonable suspicion is more than an "unparticularized suspicion or 'hunch.'" *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883. Reasonable suspicion, while requiring less of a showing than probable cause, requires "at least a minimal level of objective justification for making the stop." *Bauder*, 299 S.W.3d at 591 (citing *United States v. Sokolow*, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989)). Thus, the stop of a vehicle and the resulting detention of the driver are unreasonable under the Fourth Amendment, unless the police have a reasonable, articulable suspicion that "the driver is unlicensed, or that the automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of the law." *Id.* (citing *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S. Ct. 1391, 1401, 59 L. Ed. 2d 660 (1979)). The courts consider the "totality of the circumstances" to determine whether the police "had a particularized and objective basis for suspecting that a person stopped may be involved in criminal activity." *Id.* (citing *United States v. Cortez*, 449 U.S. 411, 417-18, 101 S. Ct. 690, 695, 66 L. Ed. 2d 621 (1981)).

"When considering the totality of the circumstances, a reviewing court should take care not to view the factors upon which police officers rely to create reasonable suspicion in isolation." *Greene v. Commonwealth*, 244 S.W.3d 128, 133-34 (Ky. App. 2008). Accordingly, this Court must "consider all of the officers' observations, and give due weight to the inferences and deductions drawn by trained law enforcement officers." *Id.* at 134.

In reviewing a lower court's ruling on a motion to suppress, the Court employs a two-step process. *Commonwealth v. Garrett*, 585 S.W.3d 780, 787 (Ky. App. 2019). First, we review the trial court's factual findings under a clearly erroneous standard. *Id.*; CR[3] 52.01. Under this standard, the trial court's factual findings will be conclusive if supported by substantial evidence.[4] *Garrett*, 585 S.W.3d at 787-88. Second, we conduct a *de novo* review of the trial court's application of the law to the facts to determine whether its decision is correct as a matter of law. *Id.*

For his appeal, Nalley argues that Officer Cauley based his stop on attenuated and irrelevant facts that do not meet the requisite reasonable suspicion that Nalley may have been violating the law. Specifically, Nalley claims that

---

[3] Kentucky Rules of Civil Procedure.

[4] "Substantial evidence is that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Hunter v. Mena*, 302 S.W.3d 93, 97 (Ky. App. 2010) (internal quotation marks and citation omitted).

observing him drinking in a private home and being agitated is not a reasonable basis to stop him five hours later. Also, leaving a bar does not mean that he was intoxicated while driving. At best, Nalley argues Officer Cauley had a hunch he was intoxicated, but that does not support a reasonable suspicion to justify stopping him, especially when Officer Cauley did not observe him violate any traffic law. In response, the Commonwealth argues that the stop was valid because, considering the totality of the circumstances, Officer Cauley's encounters with Nalley earlier in the day and then seeing him leave a bar and park at a closed business around 1:00 a.m. created enough of a reasonable suspicion to justify the stop.

We agree with the district court's conclusion that Officer Cauley had a reasonable suspicion to justify his stop of Nalley. Given the totality of the circumstances, Officer Cauley could believe that Nalley was attempting to evade him and operating a vehicle under the influence. Although Officer Cauley did not use the word "evade" in his testimony during the suppression hearing, he detailed enough facts to explain why he had a reasonable suspicion that Nalley was violating the law. Although Officer Cauley's first encounter with Nalley occurred five hours earlier, he knew Nalley had been drinking at that time, was agitated, and was served with an EPO. When Officer Cauley saw Nalley in a bar parking lot later that night, around 1:00 a.m., it was reasonable to suspect Nalley may have

continued drinking and could now be driving while intoxicated. Most importantly, once Officer Cauley began following Nalley, he had to catch up with him down the road and then saw Nalley make a left, followed by another immediate left into a closed business. Nalley parked on the far side of the building and turned off his motor and lights. These circumstances created the requisite suspicion for Officer Cauley to believe that criminal conduct could be present. Therefore, Officer Cauley's investigatory stop and seizure of Nalley was justified.

## CONCLUSION

For the above reasons, we affirm the Nelson District Court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Elmer J. George
Lebanon, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Paula K. Pace
Assistant Nelson County Attorney
Bardstown, Kentucky